### CROSSLEY v. CONNECTICUT FIRE INS. CO.

*(Circuit Court, D. Massachusetts. April 6, 1886.)*

FIRE INSURANCE — POLICY — PROVISION FOR ARBITRATION — CONDITION PRECEDENT.

 A provision in a policy of fire insurance that in case any difference of opinion shall arise as to the amount of loss it shall be referred to arbitrators to be chosen as therein directed is not a condition precedent to a recovery for a loss, or to any proof on the trial of the amount of the loss.[1]

At Law.

*Gaston & Whitney, A. French,* and *G. F. Williams,* for plaintiff.
*J. D. Bryant* and *W. G. Russell,* for defendants.

CARPENTER, J. This is an action at law on a policy of fire insurance. In advance of the trial, and from considerations of convenience, counsel have been heard to argue certain questions which will arise on the trial, in order that they may be provisionally determined. The same questions will also arise in the case of *Reed* v. *Fire Ins. Co. of Philadelphia,* and counsel therein have also. been heard to argue those questions. The policies in question contain the following provisions:

"In case of any loss or damage the company, within sixty days after the insured shall have submitted a statement as provided in the preceding clause, shall either pay the amount for which it shall be liable or replace the property," etc. "In case any difference of opinion shall arise as to the amount of loss under this policy, it is mutually agreed that the said loss shall be referred to three disinterested men, the company and the insured each choosing one out of three persons to be named by the other, and the third being selected by the two so chosen: provided, that neither party shall be required to choose or accept any person who has served as a referee in any like case within four months; and the decision of a majority of said referees in writing shall be final and binding on the parties."

At the trial of these causes evidence will be offered tending to show the amount of loss under the policy, but such evidence so offered will

---

[1] See note at end of case.

not consist in any part of the award of referees appointed under the provisions of the clause last quoted. To the introduction of evidence so offered the defendants will object on the ground that the agreement for reference contained in the policy is to be construed to make the award of referees a condition precedent to any proof of amount of loss, or to make it the sole evidence as to such amount. When the testimony shall be closed, the defendants will pray a ruling that the verdict shall be for the defendants on the ground that the effect of the agreement for reference is to make such a reference a condition precedent to the right of the insured to recover.

Upon these two motions a vital question will be whether the agreement for reference is, on the one hand, a collateral contract, or, on the other hand, is expressly or by implication a condition precedent to recovery or to any proof of the amount of the loss. Upon examination of authorities, I am of opinion that the agreement is a collateral contract only. The questions which I have stated, as well as several other questions which in different views of the case might be material, have been argued very fully, and with great skill and learning, and abundant citation of authorities. The cases, however, upon which counsel on both sides mainly rely are but few in number.

The defendants refer to *Scott* v. *Avery*, 5 H. L. Cas. 811. The agreement in that case was "that the sum to be paid by this association to any suffering member for any loss or damage shall, in the first instance, be ascertained and settled by the committee; and the suffering member, if he agrees to accept such sum in full satisfaction of his claim, shall be entitled to demand and sue for the same as soon as the amount to be paid has been so ascertained and settled, but not before; which can only be claimed according to the customary mode of payment in use by the society; and if a difference shall arise between the committee and any suffering member relative to settling any loss or damage, \* \* \* in such case the member dissatisfied shall select one arbitrator, \* \* \* which three arbitrators, or any two of them, shall decide upon the claims and matters in dispute according to the rules and customs of the club, to be proved upon oath by the secretary." The defendants also refer to *Delaware & H. Canal Co.* v. *Pennsylvania Coal Co.*, 50 N. Y. 250. In that case the contract was that "in case of an enlargement of the said canal the said president, managers, and company, and their successors and assigns, may also charge and collect an additional toll on coal transported in pursuance of this agreement, at a rate per ton of 2,240 pounds, to be established after the completion of such enlargement in the manner following, viz.," etc. In these two cases, therefore, it appears that the contract expressly was to pay such a sum as should be fixed by arbitration according to a prescribed plan.

The defendants claim, however, that the agreement here is made a condition precedent by a necessary implication. Against this view the plaintiffs cite, among other cases, *Dawson* v. *Fitzgerald*, L. R. 1

Exch. Div. 257; *Schollenberger* v. *Phœnix Ins. Co.*, 7 Ins. Law J. 697; *Reed* v. *Washington F. & M. Ins. Co.*, 138 Mass. 572; *Clement* v. *British America Assur. Co.*, (Sup. Ct. Mass.) 5 N. E. Rep. 847.    I therefore decide that should the questions to which reference has been made be raised before me in a trial of these cases with a jury, I should overrule the objection of the defendants, and permit the evidence of amount of loss to go to the jury; and I should overrule the request of the respondents for an instruction to the jury that the plaintiff is not entitled to recover.

NOTE.

It is said in Gauche v. London & Lancashire Ins. Co., 10 Fed. Rep. 347, that the conditions in a policy of insurance requiring preliminary proofs, and a reference to arbitration in case of difference, are conditions precedent to a suit upon the policy.

It was held by the supreme court of Iowa in Gere v. Council Bluffs Fire Ins. Co., 23 N. W. Rep. 137, that where a fire insurance policy provides that in case differences shall arise as to the amount of loss the subject shall be submitted to arbitration on the request of either party, and the award made in writing shall be binding as to the amount of loss or damage, it does not render an arbitration a condition precedent to the right of the insured to sue to recover a loss, but is nothing more than a mode of providing what should be deemed conclusive evidence of one of the facts.

A fire insurance policy provided for arbitration in case of loss.    Through the failure and refusal of defendant to go on with the arbitration agreed upon it became ineffectual, and in the mean time, partly under orders of the city, the *debris* was removed.    Defendant then requested plaintiff to submit to a second arbitration, which he refused to do, and brought this action.    Held, that plaintiff having once consented to arbitrate, if the arbitration failed and came to an end from the fault of the defendants, the arbitration clause could not stand in the way of the action.    Uhrig v. Williamsburg City Fire Ins. Co., (N. Y.) 4 N. E. Rep. 745.

It is not infrequently provided in policies of insurance that any dispute arising under the policy shall be referred to arbitrators.    Such agreements to arbitrate *do not* oust the courts of their jurisdiction.    Allegre v. Maryland Ins. Co., 6 Har. & J. 408; Robinson v. Georges Ins. Co., 17 Me. 131; Kill v. Hollister, 1 Wils. 129; Amesbury v. Bowditch Ins. Co., 6 Gray, 596.

Where the underwriters refused to pay the loss of the assured, his right of action has been held immediately to accrue, although there was a clause in the policy that payment was not to be made until 90 days after proof and adjustment of the loss, and that, in case of dispute, the same might be settled by arbitrators.    Allegre v. Maryland Ins. Co., 6 Har. & J. 408.

Under such a provision an action may be sustained without any offer to refer.    Robinson v. Georges Ins. Co., 17 Me. 131.

But if there be a reference depending, or made and determined, it might be a bar. Kill v. Hollister, 1 Wils. 129.

In Avery v. Scott, 8 Welsb., H. & G. 497, it was decided that, *although an agreement which ousts the courts of their jurisdiction is illegal and void, yet an agreement in a policy of insurance as to arbitration was not of that description, since it did not deprive the plaintiff of his right to sue, but only rendered it a condition precedent that the amount to be recovered should be first ascertained, either by the committee or arbitrators.*

In Goldstone v. Osborn, 2 Car. & P. 550, it was held that the insured might maintain an action on such a policy, notwithstanding the condition, when it appeared that the insurers denied the general right of the insured to recover, and did not merely question the amount of damage.

So he may, if the insurance company waive the right to a submission to arbitration, as by taking possession and repairing the thing insured.    Cobb v. New England M. Ins. Co., 6 Gray, 193.

The effect of an agreement to refer to arbitration, where no reference has taken place, cannot take away the jurisdiction of any court.    See Mitchell v. Harris, 2 Ves. Jr. 129, and Street v. Rigby, 6 Ves. Jr. 814.

A simple agreement inserted in a contract that the parties will refer any dispute arising thereunder to arbitration will not bar a suit at law by either party upon the contract before an offer to arbitrate; but when the contract stipulates that the arbitration is to be a condition precedent to the right to sue upon the contract, or this may be inferred upon construction, no suit can be maintained unless the plaintiff made all reasonable effort to comply with the condition.    Perkins v. United States Electric Light Co., 16 Fed. Rep. 513.

It is said in Old Saucelito Land, etc., Co. v. Commercial Union Assur. Co., (Cal.) 5 Pac. Rep. 232, that courts are not deprived of their jurisdiction because of a general provision in an agreement that all disputes which may arise in the execution shall be decided by arbitrators, but that the parties may agree upon some method to liquidate damages which in their nature are unliquidated; and until such method has been pursued, or some excuse for not doing so proven, no recovery can be had.

A provision in a contract whereby all disputes between the parties are to be submitted to arbitration before being made the subject of litigation in the courts is not binding upon the parties when the controversy arises out of the non-payment of a sum of money stipulated in the contract to be paid. Sutro Tunnel Co. v. Segregated Belcher Min. Co., (Nev.) 7 Pac. Rep. 271.