[No. 8789.   Department Two.   September 3, 1910.]

THE STATE OF WASHINGTON, *on the Relation of Alexandria Meyer Stitt et al., Appellants*, v. CHARLES REYNOLDS *et al., Respondents.*[1]

INFANTS — ABANDONED CHILDREN — CUSTODY — STATUTES—HABEAS CORPUS TO RECOVER—DEFENSES. A preliminary order for the temporary custody of an abandoned child until notice could be given the mother and a hearing had, under Rem. & Bal. Code, § 1701, the statute contemplating an early hearing by giving such cases precedence, is no defense to habeas corpus by the mother to recover possession of her child, where no process was served on her as required by the statute and no further proceedings were had or final order made.

SAME—PRIMA FACIE CASE—HEARING. In such a case, Rem. & Bal. Code, § 1706, making the final order *prima facie* evidence that the abandoned child was properly surrendered to the society has no application; and the court should hear the habeas corpus proceedings on the merits.

Appeal from a judgment of the superior court for King county, Frater, J., entered November 5, 1909, denying an application for a writ of habeas corpus to recover the possession and custody of the relator's minor child.   Reversed.

*W. F. Hays*, for appellants.

*Smith & Cole*, for respondents.

CROW, J.—Sonia Meyer, a minor child, is the daughter of the relator Alexandria Meyer and A. A. Meyer, formerly her husband, but now deceased.   Prior to the death of A. A. Meyer, which occurred in 1905, he by written instrument, ac-

[1]Reported in 110 Pac. 633.

knowledged and delivered, consented to the adoption of Sonia Meyer by the defendants C. A. Reynolds and Della Reynolds, his wife, who then resided in King county. Alexandria Meyer, the mother, did not sign the instrument, but the child, without objection from her, was placed in the custody of Reynolds and wife, where, without formal or legal adoption, she remained until the commencement of this action. After the death of A. A. Meyer, his widow married one W. H. Stitt, and has since been known as Alexandria Meyer Stitt. On April 14, 1908, W. H. Stitt, without notice to C. A. Reynolds or Della Reynolds, was appointed as guardian of Sonia Meyer. Immediately thereafter he as such guardian, and Alexandria Meyer Stitt as the natural mother, demanded the possession and custody of the child, which was refused by Reynolds and wife. Thereupon they made application in this action to the superior court of King county for a writ of habeas corpus, which was issued and served upon the defendants.

Answering the application, Reynolds and wife pleaded their possession, and, in substance, further alleged that in April, 1908, the child by order of the superior court of King county, and upon the petition of the defendant Della Reynolds, had been committed to the custody of the Washington Children's Home Society, a corporation, organized under the laws of this state to receive neglected and abandoned children and place them for adoption, and that thereafter the defendants Reynolds and wife, with the consent of the society, had retained, and were still retaining, the custody of the child subject to the order of the superior court. W. H. Stitt died on April 19, 1909, and on May 17, 1909, Alexandria Meyer Stitt, with leave of court, filed a supplemental complaint in which the Washington Children's Home Society was made a defendant herein. The society, by answer, pleaded the same defense theretofore pleaded by Reynolds and wife. Upon trial the writ was denied and the action dismissed. The plaintiff Alexandria Meyer Stitt has appealed.

All evidence introduced at the trial was stricken, other than records affecting the alleged right of the Washington Children's Home Society to retain the custody of the child. From the evidence of these records and the pleadings, it appears that demand was made for the child by her mother on or about April 15, 1908; that immediately thereafter and on April 17, 1908, Della Reynolds filed her petition in the superior court of King county, in which she alleged that Sonia Meyer was then 7 years of age; that she was without parental control; that prior to his death, her father had surrendered her custody to the petitioner Della Reynolds; that the whereabouts of her next of kin was unknown; and that legal steps should be taken to provide for her care, custody and support. The petition did not mention the mother, nor did it allege that she was of bad character, or that she had abandoned, abused or neglected the child. The petitioner asked that a warrant be issued to take the child; that the usual five days' notice be given to the next of kin; that evidence be taken, and that the court make such final disposition of the child as might be proper. Upon the filing of this petition, an *ex parte* order was immediately entered, reading as follows:

"Upon reading the foregoing petition of Della Reynolds and the court being fully advised, it is hereby ordered as follows: (1) That warrant be forthwith issued by the clerk to the sheriff of King county, authorizing him to take into custody Sonia Meyer, and to keep her in custody at the expense of the county commissioners of King county, pending hearing and disposition of this matter by this court, and to produce her at such hearing, and in the meantime said child be placed in the care and keeping of the Washington Children's Home Society. (2) That the complaint herein be heard before this court on notice to be hereafter given, or as soon thereafter as the matter can be heard. (3) That notice of the time and place of such hearing be personally served upon the mother or the next of kin of said child, if personal service can be had. (4) If personal service cannot be made, then the county commissioners shall cause to be published in a newspaper of general circulation in King county, notice of time, place and nature of said hearing directed to

the next of kin of Sonia Meyer, at least five days before said hearing."

It further appears that no notice of the filing of the petition has since been given; that no further proceedings have been taken thereon; that the child was surrendered to the society, which immediately placed her with the respondents Reynolds and wife; that on May 29, 1908, the original application for a writ of habeas corpus was made herein, and that after various delays a final judgment was entered on November 5, 1909, in which the trial court found that the child was at the time of the commencement of this action, and ever since has been, in the legal custody and control of the Washington Children's Home Society, and that the writ of habeas corpus should be denied.

It is apparent that the order committing the child to the Washington Children's Home Society is insufficient to support the final order entered herein. The respondents, in substance, contend, that pending the hearing of the petition of Della Reynolds, the child was legally placed in the care of the society; that the court had jurisdiction to make such order pending the application; that the society was entitled to retain the custody of the child until final hearing; and that before an opportunity was given for such hearing, the appellant instituted this habeas corpus proceeding. Section 1701, Rem. & Bal. Code, reads as follows:

"Upon complaint of any person in writing other than an officer or agent of such society or corporation to any judge of the superior court giving the names and residences of the parents, guardian (if any) or the next of kin of such child, so far as known, and alleging that the father of such minor child is dead, or has abandoned his family or is an habitual drunkard or is a man of notoriously bad character, or is imprisoned for crime, or has grossly abused or neglected such child, and that the mother of such child is an habitual drunkard or imprisoned for crime, or an inmate of a house of ill-fame, or a woman of notoriously bad character or is dead, or has abandoned her family, or has grossly abused or neglected such child, and alleging that the welfare of such

child requires that legal steps be taken to provide for its care and custody, a warrant shall issue directing the proper officer to take such child into custody and care for or dispose of it as such judge shall direct, until a hearing can be had, such proceedings shall have precedence of other causes, of which hearing not less than five days' notice shall be given to such parents, guardian or next of kin and such judge shall hear the allegations of the complaint and all testimony offered for or against the same and determine whether in his judgment there is cause for a change in the care and custody of such child. . . . "

Respondents, in effect, contend that the *ex parte* order entered by the superior court, on the filing of the petition of Della Reynolds, constitutes a complete defense to the appellants' application for a writ of habeas corpus. To sustain this contention it would be necessary to hold that such *ex parte* order foreclosed all rights of the mother, and that she cannot in this proceeding question its validity, although she has never been served with process.

In *State ex rel. Le Brook v. Wheeler*, 43 Wash. 183, 86 Pac. 394, in commenting on § 1701, *supra*, we said:

"An examination of this section will show that, before the order contemplated therein can be made, two conditions must exist: (1) that the child has been abandoned by its father, or that he is an improper or unfit person to retain its custody and control, and (2) that the mother of said child is an habitual drunkard, or an improper person to have its custody and control, or has abandoned said child."

The petition filed by Della Reynolds alleged the death of the father, but made no allegation relative to the mother, although she had but recently demanded the child from the petitioner. There is no showing of any attempt to give the five days' notice required by the statute and ordered by the court. Alexandria Meyer Stitt never became party to the proceedings by service of process upon her. It does not appear that she had any knowledge of the pendency of the petition filed by Della Reynolds at any time prior to the making and filing of her application for a writ of habeas corpus.

After the petition was filed by Della Reynolds, and prior to service of process therein, which should have been promptly made, the superior court had authority to make a preliminary order providing for the temporary custody and care of the child, until such time as service could be obtained and a hearing had. The statute by providing that such proceedings shall have precedence over other causes, contemplates that such hearing shall occur without unnecessary delay. No process having been served, and no date for a final hearing having been fixed, it is apparent that no valid final order disposing of the custody of the child to the Washington Children's Home Society has been made. The society obtained no custody or control which it or the respondents Reynolds and wife can successfully plead as a defense in this habeas corpus proceeding. They cannot rely upon the mere filing of the petition by Della Reynolds and a temporary order entered thereon without notice or process for a dismissal of this later action, which is prosecuted by the mother to obtain the custody of her child. This action should have been heard upon its merits. Evidence should have been taken to determine whether the mother is entitled to the custody of the child, whether she is a fit person to have such custody and control, and whether the best interests of the child will be protected by its surrender to her. Section 1706, Rem. & Bal. Code, reads as follows:

"Upon the hearing of any writ of habeas corpus for the custody of any such child, if it appears that such child has been surrendered to any such corporation under the provisions of this chapter, such surrender shall be taken as *prima facie* evidence that such child was legally and properly surrendered to such corporation and that such corporation is entitled to the custody and control of such child under the provisions of this chapter."

The respondents contend that the *ex parte* order of the superior court heretofore made upon the petition of Della Reynolds, by which the child was surrendered to the society,

2—60 WASH.

is *prima facie* evidence under this section of the fact that the child was legally and properly surrendered to the society, and that the society is now entitled to her custody and control. It is manifest from the entire act that the section quoted refers only to a final order made and entered after notice and hearing, and that it does not refer to an *ex parte* preliminary order such as the one upon which the respondents now predicate their entire defense. The order provided only for the temporary care and protection of the child until the final hearing, which should have been promptly held.

The judgment is reversed, and the cause remanded with instructions to hear the application upon its merits.

RUDKIN, C. J., PARKER, DUNBAR, and MOUNT, JJ., concur.