STANLEY L. RICHARDSON, Administrator, *v.*
METROPOLITAN LIFE INSURANCE
COMPANY.

[No. 35, January Term, 1932.]

*Decided April 8th, 1932.*

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*John Holt Richardson,* for the appellant.

*W. Hall Harris* and *W. Hall Harris, Jr.,* for the appellee.

BOND, C. J., delivered the opinion of the Court.

The question argued is whether a requirement of due proof of death in a life insurance policy could be held dispensed with because another policy on the life of the insured, issued by the same insurer, had been paid. There was no evidence of the nature and terms of the paid policy, or of the time and circumstances of its payment. The trial court, in a suit on the contested policy, directed a verdict for the defendant at the conclusion of the testimony offered by the plaintiff, because, as the plaintiff states in his brief, no evidence had been adduced to show that the proof of death had been furnished.

The policy in suit, upon the life of Andrew Sapko, provided for payment by the insurer "upon receipt of due proof of the death of the insured." And extracts copied into the record include, among others, a stipulation that if the insured, on the date of the issuance of the policy, was not alive, or not in sound health, or had been rejected for insurance by any insurer, or within two years previously had been attended by a physician for any one of some specified serious ailments, the company might declare the policy void and be liable only for the return of the premiums paid. The company, at the trial, made a tender of the amount of premiums paid on this policy, but no reason for refusal to pay the

insurance, other than the failure of the claimant to furnish proof of death, was given. The direction of the verdict in its favor relieved the defendant of the necessity of producing its evidence below. It had demanded a bill of particulars of the plaintiff's claim, and the reply was that the declaration contained the particulars. And then the defendant pleaded that it never promised as alleged and never was indebted as alleged. The facts adduced in evidence are no more informing, and do not reveal whatever substantial controversy there may be between the parties on this one policy.

It is stated in the bill of exceptions, as facts agreed upon or settled, that the policy in suit had been issued on July 1st, 1929, that the insured had died on February 1st, 1930, and that letters of administration upon his estate had been granted to the plaintiff, Stanley L. Richardson. As no objection is made to suit by the administrator, it is to be presumed that the policy was payable to the estate of the insured. As to the other paid policy the testimony is meagre. The widow testified that she had two policies on the life of the insured in the same company, that the first was paid, and she received $460 upon it. There was no other reference to that policy, and no description of its terms, except that it was a life insurance policy. There is no evidence of any proof of death given under the paid policy, and no explanation is given by the plaintiff of failure to furnish the proof required under the present unpaid policy.

The governing principle, as usually stated, is that, unless such a requirement is waived by the insurer, it must be met, and must be shown to have been met, as a condition precedent to a right of recovery upon the policy. *Allegre v. Maryland Ins. Co.*, 6 H. & J. 408, 411; *Spring Garden Co. v. Evans*, 9 Md. 1, 21; *Citizens' Co. v. Doll*, 35 Md. 89, 102; *Hartford Co. v. Keating*, 86 Md. 130, 149, 38 A. 29; *Mutual Life Co. v. Thomas*, 101 Md. 501, 504, 61 A. 293; *Citizens' Co. v. Conowingo Co.*, 113 Md. 430, 448, 77 A. 378. And the plaintiff duly alleged in the present declaration, "that due proof of the death of the insured was furnished." The plaintiff's excuse for failure to do this is not that the requirement

had been waived by the insurer, but rather that compliance was shown to have been unnecessary, and should be dispensed with by the court, because it appears that the company was sufficiently satisfied of the fact of death to make payment on the other policy.

This much can be said on the facts. The plaintiff having failed to show that the proof was furnished, as required by the terms of the policy, but instead offering an excuse for not furnishing it, it is to be inferred that the proof was not furnished. The payment made by the company to the widow on another life insurance policy, the terms of which are not made known, would, in the absence of evidence of mistake, prove that at the time of making the payment the company accepted it as a fact that the insured was dead. It seems to amount to an admission that he was dead. But the cause of death, any fact beyond that admission that he was dead, would not be inferable from the fact of payment, and if any more information about the death was needed under the second policy, there is nothing to show that the company had as yet received it.

It is true that, in the absence of any evidence of the circumstances of the payment of the first policy, and any evidence to show what the substantial controversy on this one policy may be, the court must hesitate to hold that performance of this requirement of the contract is unnecessary because it would be of no value to the insurer. To an extent, its doing so would be an interference with the contract of the parties, and a denial to one party of a right which was secured to it by the contract. On the other hand, if payment of the first policy necessarily means that the company was already satisfied of the truth of all the facts which the contract in suit by its terms required to be proved, the policy-holder should not be denied a right of recovery because of failure to do that which had already been accomplished. And that brings the question down to a construction of the requirement. We cannot see that in the stipulation for "due proof of the death," and in the absence of demand for further information, the insurer has required for itself anything

more than information of the fact that the insured is dead. The stipulation does not specify any mode or extent of the proof. It is, for instance, far different in this respect from the usual requirement of proof in fire insurance policies. It required no more, we conclude, than the proof which, whatever may have been its form, had reached the insurer and led to the payment made because of the death to be proved. We do not concur, therefore, in the view of the trial court.

We have not had our attention called to any consideration by other courts of exactly this question, whether the proof of death contracted to be furnished might be dispensed with upon proof that another policy had been paid. We have been referred to decisions reported on the need of furnishing proofs under each of several policies in the same company, each requiring the proof. All have agreed in holding that at least one proof must be furnished, but that, unless required by the company, only one need be furnished for all the policies. The conclusion is thus summed up by two text-writers. "If the assured holds several policies issued by the same insurer upon his life and there is no requirement for separate proofs, there is no reason for a separate proof upon each one of them, except insurer demands it, especially so where assurer admits that it had notice of the insured's death and that he was the same person of whose death proofs have been furnished under another policy or other policies." 5 *Joyce, Insurance* (2nd Ed.), sec. 3277; 7 *Couch, Insurance,* sec. 1516. "At the time of the death of the insured there was another policy outstanding on his life, issued by the defendant. The proof of death submitted made special reference to such other policy, but mentioned the policy which is the basis of this action in the answer to a question as to other insurance outstanding. Under such circumstances it was not necessary that a separate proof of death should be filed with special reference to the policy in suit." *Lindbloom v. Metropolitan Life Ins. Co.,* 210 App. Div. 177, 179, 205 N. Y. S. 505, 506; *Dakin v. Liverpool etc. Co.,* 13 Hun. 122, affirmed 77 N. Y. 600; *Bohles v. Prudential Co.,* 83 N. J. Law, 246, 83 A. 904; *Girard Life Co. v. Mut. Life Co.,* 97

Pa. 15, 23; *Francis v. International Ass'n* (Tex. Civ. App.), 260 S. W. 938; *Loomis, Admr., v. Eagle Co.,* 6 Gray (Mass.) 396.

These authorities, on the cases before them, have upheld the right to one set of proofs even when notice of the fact of death has been given, and they might lend support to a construction that "due proof of the death" in the policies means more than proof or knowledge of the fact that the insured had died. Language broad enough to support that distinction may be found in some other authorities. "It may be stated, however, as a general rule, in the absence of some policy or statutory requirement to the contrary, that sufficient proof of death is made by evidence in any form which is substantial and trustworthy enough to enable the insurer to form an intelligent estimate of his rights and liabilities under his contract." 5 *Joyce, Insurance,* sec. 3277; 7 *Couch, Insurance,* sec. 1516; *Griffin v. Northwestern Mut. Co.,* 250 Mich. 185, 188, 229 N. W. 509. It is our opinion, however, that the words actually inserted in the policy, "due proof of death," do not permit the interpretation that they require proof of more than the fact that the insured had died, which apparently had already been sufficiently proved or established. See *National Life & Acc. Co. v. Hedges,* 233 Ky. 840, 27 S. W. (2nd) 422; *Aetna Life Ins. Co. v. Duncan,* 165 Ark. 395, 264 S. W. 835; *Cooley, Brief on Insurance,* 3442 and 3445.

We think the defendant's prayer should have been refused at the time of its offer, and that the case should have proceeded with any further proper testimony to be offered.

*Judgment reversed, with costs to the appellant.*