## SANDERSON v. POSTAL LIFE INS. CO. OF NEW YORK.

### No. 1419.

Circuit Court of Appeals, Tenth Circuit.
Dec. 14, 1936.

Rehearing· Denied Jan. 19, 1937.

Albert L. Vogl, of Denver, Colo. (Carle Whitehead and Frank A. Wachob, both of Denver, Colo., on the brief), for appellant.

Arthur H. Laws, of Denver, Colo. (G. C. Bartels and Walter W. Blood, both of Denver, Colo., on the brief), for appellee.

Before LEWIS, McDERMOTT, and BRATTON, Circuit Judges.

BRATTON, Circuit Judge.

This is the second appeal in this case which involves liability on a policy of life insurance. The cause was remanded on the former appeal with leave to plaintiff to recast her pleading to declare upon the automatic paid-up provision in the policy, and to have the action transferred to the law side of the docket. (C.C.A.) 72 F. (2d) 894. An amended complaint was filed and the transfer made. The facts were alleged in respect to the terms of the policy, the payment of premiums, the death of assured, and the appointment of plaintiff as administratrix. It was further alleged that prior to the death of assured some person unknown to plaintiff unlawfully took the policy from his possession; that after his death, such person attempted to collect the amount due, but the company denied liability; that the existence of the policy was wrongfully concealed from plaintiff; that she first learned of its existence on or about May 21, 1932; that on the succeeding August 30th she notified the company of the death and of her appointment and

demanded payment; and that the company denied liability for the asserted reason that the policy had lapsed for nonpayment of premiums. Recovery was sought under the paid-up provision with interest from the date on which such demand was made. The principal defense interposed was that of limitation.

Trial by jury was waived and the case submitted to the court on a stipulation of facts. It was stipulated that the Provident Savings Life Assurance Society issued the policy on April 15, 1898; that the defendant company acquired all of the assets and assumed all of the liabilities and obligations of that company in 1911; that assured paid seventeen full annual premiums, the last being the premium due in April, 1914; that he failed to pay the annual premium due. in April, 1915, and that no payment was made thereafter; that he died in December, 1916; that a surviving son had possession of the policy; that an attorney representing him, but not plaintiff, corresponded with the company concerning payment of the policy; that payment was refused; that the son withheld knowledge of the existence of such policy from plaintiff; that she did not know of its existence until May 21, 1932, at which time it was delivered to her attorney; that demand for payment was made August 30th thereafter; that payment was refused on the ground that the policy had lapsed for nonpayment of premiums; and that the amount of paid-up insurance which would have accrued if computed in the manner provided in the policy was $4,626.20.

The court filed a written declaration of law that defendant was entitled to judgment for the reason that the evidence would support no other conclusion. Judgment was entered in conformity and plaintiff appealed.

Federal courts are governed in actions at law by the statute of limitations of the state. Bauserman v. Blunt, 147 U.S. 647, 13 S.Ct. 466, 37 L.Ed. 316; Balkam v. Woodstock Iron Co., 154 U.S. 177, 14 S. Ct. 1010, 38 L.Ed. 953; O'Sullivan v. Felix, 233 U.S. 318, 34 S.Ct. 596, 58 L.Ed. 980; Hunter v. Ward (C.C.A.) 15 F.(2d) 843; Watkins v. Madison County Trust & Deposit Co. (C.C.A.) 24 F.(2d) 370; Weems v. Carter (C.C.A.) 30 F.(2d) 202; Bell v. John H. Giles Dyeing Machine Co. (C.C. A.) 37 F.(2d) 482.

It is provided in section 6392, Compiled Laws of Colorado 1921, that an action founded on contract shall be commenced within six years after the cause of action shall have accrued and not afterwards. Section 6417 provides that if a person is out of the state or has absconded or concealed himself at the time a cause of action accrues, the period shall not run during his absence, abscondence, or concealment. The Provident Savings Life Assurance Society was authorized to transact business in Colorado, and was subject to service of process there. The defendant was incorporated under the laws of New York and has never been expressly authorized to engage in business in Colorado. Plaintiff contends that the assumption of the liabilities of the transferor, and the subsequent collection of premiums from the assured, did not render the defendant present in Colorado and subject to service of process there; that instead it has been outside the state at all times and for such reason the statute did not run. The conclusion which we have reached upon another feature of the case renders exploration of that interesting question unnecessary. It will be assumed, without deciding, that defendant was present in Colorado and subject to process there at all times since the death of the assured.

The statute bars an action which is instituted more than six years after the cause of action accrued. That is its express language and its effective scope. The policy under consideration provides that the company will make payment "upon receipt of satisfactory proof of death of the assured while this policy is in force * * *." It does not provide in the conventional language contained in many of the more recently issued policies for payment upon the death of the assured with a condition that proof of death shall be furnished. The language of the contract, which is plain and free of ambiguity, rests liability upon the submission of proof of death. That provision makes the furnishing of such proof a condition precedent to liability; and until the condition is performed or its performance is waived the beneficiary has no right of action against the insurer. Bergholm v. Peoria Life Ins. Co., 284 U.S. 489, 52 S.Ct. 230, 76 L.Ed. 416; Callen v. Massachusetts Protective Ass'n (C.C.A.) 24 F.(2d) 694; Fidelity Mut. Life Ins. Co. v. Powell (C.C.A.) 74 F.(2d) 525; New England Mut. Life Ins. Co. v. Cohen (C.C.A.) 83 F.(2d) 163; Jones v. New York Life Ins. Co., 158

Wash. 12, 290 P. 333; Strang v. Prudential Insurance Co., 263 N.Y. 71, 188 N.E. 161; Mutual Life Ins. Co. v. Hebron, 166 Miss. 145, 146 So. 445; New York Life Ins. Co. v. Jackson, 188 Ark. 292, 65 S.W.(2d) 904; Richardson v. Metropolitan Life Ins. Co., 162 Md. 292, 159 A. 585; O'Reilly v. Guardian Mut. Life Ins. Co., 60 N.Y. 169, 19 Am.Rep. 151. As the beneficiary has no right of action until proof of death is furnished, the cause of action does not accrue and the statute of limitations does not begin to run until the condition has been performed or until its performance has been excused in some way. Travelers' Ins. Co. v. Bancroft (C.C.A.) 65 F.(2d) 963; Benjamin v. District Grand Lodge, etc., 171 Cal. 260, 152 P. 731; Behlmer v. Grand Lodge, etc., 109 Minn. 305, 123 N.W. 1071, 26 L.R.A.(N.S.) 305; Sherman v. Minnesota Mut. Life Ins. Co., 191 Minn. 607, 255 N.W. 113; Bonslett v. New York Life Ins. Co. (Mo.Sup.) 190 S.W. 870; Sovereign Camp, etc., v. Boden, 117 Tex. 229, 1 S.W.(2d) 256, 61 A.L.R. 682; New York Life Ins. Co. v. Brame, 112 Miss. 828, 73 So. 806, L.R.A.1918B, 86. See, also, Cook v. Carpenter, 212 Pa. 165, 61 A. 799, 1 L.R.A.(N.S.) 900, 108 Am. St.Rep. 854, 4 Ann.Cas. 723.

■ This contract does not provide the time within which the proof of death shall be submitted and our attention has not been called to any statute of the state relating to the subject. In the absence of a controlling provision in the contract or a domestic statute of the state, the proof must be furnished within a reasonable time; and what constitutes a reasonable time for that purpose should be determined by the facts in each case, having due regard for the opportunity for performance under the existing circumstances. Century Indemnity Co. v. Shakespeare (C.C.A.) 74 F.(2d) 392; Penn. Mut. Life Ins. Co. v. Tilton (C.C.A.) 84 F.(2d) 10. The policy was in the possession of a third person from the death of the assured until May 21, 1932. Throughout that period plaintiff did not know that it existed, and it is not contended that she was negligent in failing to learn sooner of its existence. Ignorance of the beneficiary of the existence of a policy, unaccompanied by negligence, is a well-recognized excuse for delay in furnishing notice or proof of death to an insurer. The manifest basis for that sensible rule is that a beneficiary cannot reasonably be expected to submit proof of death under the terms of a policy of which he has no information. McElroy v. John Hancock Mut. Life Ins. Co., 88 Md. 137, 41 A. 112, 71 Am.St.Rep. 400; Metropolitan Life Ins. Co. v. People's Trust Co., 177 Ind. 578, 98 N.E. 513, 41 L.R.A.(N.S.) 285; Munz v. Standard Life & Accident Ins. Co., 26 Utah, 69, 72 P. 182, 62 L.R.A. 485, 99 Am.St.Rep. 830; Cady v. Fidelity & Casualty Co., 134 Wis. 322, 113 N.W. 967, 17 L.R.A.(N.S.) 260; Konrad v. Union Casualty & Surety Co., 49 La.Ann. 636, 21 So. 721; Maloney v. Maryland Casualty Co., 113 Ark. 174, 167 S.W. 845; Pacific Mut. Life Ins. Co. v. Adams, 27 Okl. 496, 112 P. 1026; Federal Life Ins. Co. v. Holmes' Committee, 232 Ky. 834, 24 S.W. (2d) 906; Missouri State Life Ins. Co. v. Barron, 186 Ark. 46, 52 S.W.(2d) 733; 7 Cooley on Insurance, 5919; note 75 A. L.R. 1504.

■ But it is argued that in no event does a reasonable time for the submission of proof of death exceed the period of limitation for the institution of actions. No sound reason is perceived for abitrarily measuring such period in any and all circumstances by that yardstick, and the contention does not find support in judicial exposition. Behlmer v. Grand Lodge, etc., supra; New York Life Ins. Co. v. Brame, supra; Benjamin v. District Grand Lodge, etc., supra; Griffin v. Northwestern Mut. Life Ins. Co., 250 Mich. 185, 229 N.W. 509. See, also, Travelers' Ins. Co. v. Bancroft, supra.

■ Plaintiff did not wilfully or negligently cause the long delay in submitting proof of death. She made full disclosure to the insurer and demanded payment under the automatic paid-up provision within a reasonable time after she learned of the existence of the policy; and, as previously said, she was not at fault in failing to acquire knowledge of that fact sooner. The company thereupon asserted that the policy had lapsed for non-payment of the annual premium due in 1915 and categorically denied liability under the paid-up provision, thus waiving any requirement for the submission of other or further proof of death. The action was instituted less than six years after that exchange of communications and it, therefore, was not barred by the statute of limitations.

■ Since trial by jury was waived and the case submitted on an agreed statement of facts, no occasion exists for a new trial. Graham v. Business Men's Assur. Co. (C.

C.A.) 43 F.(2d) 673; Alexander v. King (C.C.A.) 46 F.(2d) 235, 74 A.L.R. 174; Maryland Casualty Co. v. Beebe (C.C.A.) 54 F.(2d) 743; New York Life Ins. Co. v. Tolbert (C.C.A.) 55 F.(2d) 10; Minnesota Mut. Life Ins. Co. v. Cost (C.C.A.) 72 F.(2d) 519.

Accordingly, the judgment is reversed and the cause remanded, with direction to enter judgment for plaintiff in the sum of $4,626.20, with interest thereon at the rate fixed by law from August 30, 1932, the date on which demand for payment was made.