ELIZABETH DAVIS and others, Petitioners, *vs.* ANN TOWNSEND and another, Administrators.

March 17, 1891.

**Estates of Decedents—Land Occupied by Intestate under Contract for Purchase—Adverse Possession of Administrator for 20 Years.** Where letters of administration upon the estate of a deceased intestate were issued in 1857, and the estate continued unsettled for nearly 30 years, and certain land, lying within the jurisdiction of the probate court, and occupied by the deceased at his death under a contract of purchase, but which had never been inventoried or recognized as a part of his estate, had been in the actual adverse possession of the administrators under color and claim of title in themselves for more than 20 years, *held,* that the probate court was justified after such great lapse of time, upon the facts found, in refusing to grant the petition of certain heirs to have the land inventoried and administered on as a part of the estate of the deceased, in analogy to the rule of the statute of limitations in civil actions.

Appeal by the petitioners from an order of the district court for Ramsey county, *Otis, J.*, presiding, refusing a new trial of an appeal, on questions of law and fact, from an order of the probate court of the same county.

*Chas. N. Bell*, for appellants.

*C. D. & Thos. D. O'Brien*, for respondents.

VANDERBURGH, J. Letters of administration upon the estate of George Townsend, deceased, were issued to Ann Townsend, his widow, and William Townsend, one of his sons, on the 31st day of March, 1857. No inventory was filed until March 11, 1886, when the administrators filed an inventory of personal property only, amounting to $210, all of which was claimed by the widow under the statute. Afterwards, the estate being still unsettled, in August, 1887, certain heirs of the deceased filed a petition in the probate court of Ramsey county, setting forth, among other things, that the deceased died seised of certain lands described, and asking that the same, and proceeds of sales of portions thereof by the administrators, be included in the inventory, and be assigned and distributed as part of the estate of George Townsend, deceased. The probate court refused to grant the petition, and at the same time heard and granted the application of the administrators for an order settling their account and closing their trust. Upon the hearing of the appeal in the district court, that court found, among other things, that in 1854 one Purslow purchased the land in question, which was then in possession of Townsend, at his instance and request, and paid and advanced the consideration therefor, and by their mutual agreement the title was taken in Purslow's name for security, and he executed a bond for a deed to Townsend, conditioned for a conveyance of the land to him on being paid the consideration mentioned at the date fixed in the bond. The latter did not pay for the land. More than two years after the death of Townsend, Purslow executed a deed of the premises to Ann Townsend, one of the respondents, in her own right, and she gave him a purchase-money mortgage thereon to secure the amount of principal and interest due him according to the conditions of the bond, which had been extended and had matured in March, 1857, and which mortgage was paid in full and discharged by her in 1863, and she on the

same day conveyed a portion of the premises to the respondent William Townsend, as set forth in the petition. William Townsend, as administrator, had previously assumed to cancel the bond by a written discharge and cancellation upon the margin of the record thereof. The court also finds that the respondents, in their capacity as administrators, never at any time took possession or intermeddled with the real estate in question, or any portion thereof, and that the respondent Ann Townsend, from the time she received the deed from Purslow, in 1859, has been in the actual, open, notorious, and peaceable possession of the premises, claiming the same in her own right, except as to the parts or portions conveyed away by her, and as to those portions has been in-possession down to the time of such conveyances, respectively, claiming the same in her own right and adversely; and that William Townsend, ever since said conveyance to him, has been in like manner in the actual adverse possession thereof. In July, 1886, the respondent Ann Townsend conveyed away certain parts and parcels of the lands so conveyed to her by Purslow to divers grantees. The amount of the consideration received by her therefor is not found by the court.

Neither upon the evidence nor findings can we assume that the conveyance of Purslow to Ann Townsend was absolutely void. It was merely voidable, and the heirs might knowingly permit it or acquiesce in it; and, if they so acquiesce for a long period of time, as must be presumed in this case, courts, as a general rule, will be justified in refusing relief. In *State* v. *Probate Court of Ramsey Co.*, 40 Minn. 296, (41 N. W. Rep. 1033,) an application to the probate court for license to sell real estate, made more than 10 years after the allowance of claims of creditors, was held properly disallowed; the court giving effect to the lapse of time in analogy to the statute of limitations. In this case both respondents have been in adverse possession for more than 20 years of the lands in question held by them, and more than 20 years of such possession had elapsed before the sales made to third parties set up in the petition. If, as the petitioners claim, this was real property belonging to the deceased intestate, it descended to his heirs at his death, and there is no excuse shown for this delay in asserting their claims. We think, upon

the undisputed facts in this case, and after so long acquiescence by the heirs, this court would not be justified in reversing the order of the probate court or the district court affirming it, refusing to entertain this petition for an inventory and accounting in respect to the real estate in question.

It is not necessary to consider the jurisdictional question raised by the respondents as to whether the probate court had the power to determine or adjudicate the question of title between the petitioning heirs and the respondents.

Order affirmed.