IDA BEHLMER v. GRAND LODGE A. O. U. W.[1]

December 24, 1909.

Nos. 16,286—(94).

**Presumption of Death after Seven Years Absence.**

The contract under which a certificate of membership was issued by appellant provided that proofs of death of any member should be furnished by the beneficiary and filed with the grand recorder before the lodge would be in any way liable, and "no action or proceeding to recover upon any beneficiary certificate issued by or upon which this grand lodge is claimed to be liable, shall be commenced or maintained by any person or persons until proofs of death have been furnished and passed upon by the committee on finance or by the board of directors, as hereinbefore provided." In an action brought by the beneficiary upon the certificate for the death of the insured, in this case, *held:*

1. The character of the insured, the manner of his life, his relationship to his family, and the circumstances of his disappearance, together with the fact that he had not been seen or heard from for the period of seven years, constituted evidence sufficient to justify the jury in finding that the insured died prior to the twenty-ninth of July, 1902.

2. When considered in connection with the entire charge, the court did not err in instructing the jury that a presumption of death arose after the period of seven years, if they should find from the evidence that on July 17, 1901, the insured left his home, wife, and children, had never returned, and no tidings from him had ever been received.

3. Properly construed, the contract provided that no cause of action arose until proofs of death were furnished or produced by the beneficiary, and such proofs must be furnished within a reasonable time after death, according to the circumstances, and not necessarily within the statutory limitation from the time of death.

4. In assuming that the insured died within one year from the date of his disappearance, and in thereafter stopping payment of assessments on that account, the beneficiary did not surrender her right to produce proofs of death within a reasonable time after such proofs were available.

5. We find no errors in the court's instructions to the jury.

Action in the district court for Winona county to recover $2,000

[1] Reported in 123 N. W. 1071.

109 M.—20

on the beneficiary certificate of defendant corporation which read as follows: "This certificate, issued by the authority of the Supreme Lodge of the Ancient Order of United Workmen, Witnesseth: That brother Fred Behlmer, a Master Workman degree member of Hiram Lodge No. 78 of said order, located at Crookston in the State of Minnesota, is entitled to all the rights and privileges of membership in the Ancient Order of United Workmen, and to participate in the Beneficiary fund of the order to the amount of $2,000 which sum shall at his death be paid to his wife, Ida Behlmer. This certificate is issued upon the express condition that said Fred Behlmer shall in every particular, while a member of said order, comply with all the laws, rules and requirements thereof."

The amended complaint alleged, inter alia, that during the remainder of his life Behlmer in every particular duly kept and performed each and all of the laws, rules and requirements of defendant, made timely payments of all its assessments and remained a member in good standing until his death; that he died on or about July 17, 1901, or at some time thereafter and prior to July 28, 1902; set out the facts of his disappearance and absence for seven years, that no tidings of him had ever been received, and that plaintiff could not make proof of his death prior to July 17, 1908, for the reason that not until that date had the period of seven years elapsed since his disappearance. The answer denied the allegation of death on or about July 17, 1901, or at any other time; set up that by Behlmer's application he agreed that compliance with all the laws and regulations of the order was the condition on which he was entitled to share in the beneficiary fund, his failure to pay the assessment due on or before July 28, 1902, his suspension from membership in the order, and set up the defense of the statute of limitations. The reply set up the provisions of the constitution and by-laws relating to proofs of death and commencement of an action, and alleged that prior to July 17, 1908, no person could have made proof of Behlmer's death, which could only be made by proof of facts and circumstances raising a presumption of his death, because of his disappearance and continued absence for seven years.

The case was tried before Snow, J., and a jury which rendered a verdict in favor of plaintiff for the amount demanded. From an order denying defendant's motion for judgment notwithstanding the verdict or for a new trial, it appealed. Affirmed.

*William B. Anderson,* for appellant.

Plaintiff having alleged in her complaint and claimed in her testimony that said Fred Behlmer died prior to July 29, 1902, this action not having been commenced until October 12, 1908, was barred by the statute of limitations. A cause of action under the certificate in question accrued at the date of the death of the person to whom same was issued, if he did die, as alleged, prior to July 29, 1902. The furnishing of proofs of his death is no part of the cause of action under said certificate, but merely a step in the remedy. To permit a person who has a cause of action by reason of the death of the insured to postpone furnishing proofs of such death for more than six years, would be contrary to the spirit of the statute of limitations and practically annul the statute. Litchfield v. McDonald, 35 Minn. 167; Ganser v. Ganser, 83 Minn. 199, 200; State v. Norton, 59 Minn. 424, 430; 4 Am. & Eng. Ann. Cas. note p. 728.

Plaintiff failed to prove a seven years' absence of the sort from which the law presumes death, and failed to establish such circumstances and conditions under which this court in Spahr v. Mutual Life Ins. Co., 98 Minn. 471, said a jury might be warranted in finding the death of a person to have occurred at, or about the time of, his disappearance. If, from the respondent's evidence, any legal presumption of Behlmer's death could be said to exist, defendant produced evidence sufficient to rebut any such presumption.

The evidence in this case discloses the fact that practically no effort or search was made by respondent or caused to be made by her to ascertain the whereabouts of her husband, and the uncontradicted evidence clearly establishes that the motive for said Behlmer's disappearance was to escape the consequences of his defalcation as treasurer of the school district.

*Webber & Lees* and *Theodore Buehler,* for respondent.

At common law after the lapse of seven years without intelligence concerning a person, who has disappeared from his place of abode, the presumption of life ceases and the burden of proof devolves on the party who asserts that such person is still alive. Or, as sometimes stated, the presumption of life continues for seven years. At the end of that period, it ceases and gives way to a presumption of death. Northwestern Mut. Life Ins. Co. v. Stevens, 71 Fed. 258, 260; Policemen's Ben. Assn. v. Ryce (213 Ill. 9), 104 Am. St. 190, 199, and note. The presumption of death thus arising is sufficient to make a prima facie case for the party who must prove death to establish his cause of action. Cowan v. Lindsay, 30 Wis. 586, 589, 590. It may be rebutted by the opposite party by showing facts or circumstances inconsistent with or contradictory of the presumption of death. When evidence of that sort is produced, the question of whether the person whose death is alleged is in fact dead is for the jury's decision, and their verdict is as final as it is upon any other disputed question of fact properly submitted to them. This state has adopted in substance the common law rule as stated. State v. Plym, 43 Minn. 385; Spahr v. Mutual Life Ins. Co., supra.

The burden of proving the date of death is upon the party who alleged that it took place at any given time, is the rule in this state. Spahr v. Mutual Life Ins. Co.

Proof of the state of Behlmer's accounts and of his indictment was competent as having a tendency to rebut the presumption of death. Whether these facts were sufficient to overcome the presumption was a question of fact for the jury. Mutual v. Martin, 108 Ky. 11; Winter v. Supreme Lodge, 96 Mo. App. 1.

Plaintiff's cause of action accrued when proofs of death were furnished, and plaintiff had a reasonable time in which to furnish such proofs. Chandler v. St. Paul, F. & M. Ins. Co., 21 Minn. 85, 89.

It may be suggested that plaintiff might have made proof of her husband's disappearance at any time after July 17, 1901, coupled with a demand for payment and that if payment was refused she

might have sued. This is true, but the inevitable result of such a course would have been a judgment against her. She could not recover without proving that her husband was dead. She could only prove that he had disappeared. He had not encountered any specific peril, such as might permit a jury to infer that he had died before his absence had continued for seven years. The case is not like those where a man embarks on a ship which never reaches port or which comes to port without him, or where there is an explosion in a mine where a man was at work, but his body is never found.

The great weight of authority sustains the proposition that a limitation such as is found in the by-laws of appellant here, providing that suit must be brought within two years from the date of death, is to be construed in connection with the other provision of the by-laws that no liability shall attach until proofs of death have been made, and that the two year period does not begin to run until such proofs have been furnished. Sample v. London, 47 L. R. A. 696, and note; Mayor v. Hamilton, 39 N. Y. 45; Hay v. Star, 77 N. Y. 235; Friezen v. Allemania Fire Ins. Co., 30 Fed. 352.

LEWIS, J.

September 15, 1882, appellant issued its benefit certificate to one Fred Behlmer, husband of respondent, whereby it was provided that $2,000 should be paid to respondent, as beneficiary, at his death. Behlmer paid the assessments until July 17, 1901, when he left his home, and was never thereafter heard from. Respondent paid the assessments until July 28, 1902, after which no assessments were paid. On July 20, 1908, respondent's attorney requested appellant to furnish blank forms upon which to make proof of the husband's death, and the request was refused on the ground that appellant was not liable on the certificate. Respondent executed an affidavit setting forth the fact of her husband's disappearance and the absence of tidings from him, and on August 17, 1908, demanded payment of the amount of the certificate, which was refused. This action was commenced on October 12, 1908.

1. Was the jury justified in finding from the evidence that Fred Behlmer was dead, and that death occurred prior to July 29, 1902?

According to the record, Behlmer moved to Crookston, Minnesota, in 1879, and was married to respondent at that place in 1882. He was bookkeeper until about 1884, when he became a partner in the shoe business, later sold out his interest, and for a number of years clerked in different shoe stores until about 1898, when he bought a farm near Crookston, where he lived until the fall of 1900, when he returned to Crookston and went into the dairy business, which he continued until his disappearance. There were six children, all living in 1901, and the record shows that he always provided for his family; that they lived harmoniously; that he was a man of good habits, spending most of his leisure at home; that his associates were good; that he was generally a respected citizen; that physically he was not strong; and that several months prior to his disappearance had been in rather poorer health than usual, neither eating nor sleeping well, and became very quiet, saying little or nothing to any of the family.

After breakfast on July 17, 1901, he left the milk wagon, ready for delivery, in the yard, and went into the house and upstairs, where he remained about half an hour, came down, and passed through the room where his wife was working, but went out without saying anything, and a few minutes later she looked out and saw him walking down the railroad tracks towards the city. He left without a word of explanation or farewell to any one, dressed in his working clothes, carrying nothing with him, and, so far as respondent knew, had no money. The police of Crookston looked for him in the city and vicinity without success, and respondent notified the relatives, on both sides, of his disappearance, and the Crookston papers published an account of it; but from that time, according to the evidence, he has never been either seen or heard from.

From this state of facts, the jury found that he died some time before July 29, 1902. The conclusion of the jury was warranted by the evidence. The fact that Behlmer disappeared during the day and was not seen by anybody after that time in a community where he was well known, that, so far as any one knew, he had no money for traveling expenses, and the probability that he would have communicated with his family had he succeeded in getting to some other part

of the country and was alive, were all circumstances which pointed to his death at or about the time of his disappearance.

2. On the question of presumption of death, the court instructed the jury as follows: "If you find from the evidence that on the seventeenth day of July, 1901, Behlmer—that is, Fred— left his home, wife, and children and that he has never returned and that no tidings from him have ever been received by his family, a presumption arises after seven years that he is dead." This language is assigned as error upon the ground that it omitted several elements necessary to establish the presumption of death, viz., that he led a good life, was prosperous, happy, and contented, and that there was no good reason why he should not have returned seasonably, if he were alive. This part of the charge did not embrace all of the evidence bearing on the subject; but the court further instructed the jury that in determining whether Behlmer was dead, and, if so when death occurred, they should take into consideration the facts and circumstances surrounding his alleged disappearance, any possible motive for leaving his home and not returning to his family and occupation, his attachment, if it existed, to his family, his business prospects, state of his health, his mental condition, and such other facts and circumstances as were disclosed by the evidence. There was some evidence tending to show that Behlmer was in debt at the time of his departure; but it also appeared that he was not so financially embarrassed but that he could have raised the money among his friends and relatives to meet any pressing necessities. Some evidence was also introduced tending to show that he was short in his accounts as treasurer of a school district; but there was nothing definite, and under all of the circumstances it was for the jury to say whether his disappearance was to be accounted for on some other ground than the fact of death.

When the charge is considered as a whole, we do not think it open to the criticism that the court omitted to place before the jury any of the material facts necessary to a basis for the presumption. The case comes fairly within the law announced in Spahr v. Mutual Life Ins. Co. of New York, 98 Minn. 471, 108 N. W. 4.

3. A more important question is whether the action was barred by the statute of limitation at the time it was commenced in October,

1908. The certificate provided that proofs of death of any member should be furnished by the beneficiary and be filed with the grand recorder before the lodge would be in any way liable, and that "no action or proceeding to recover upon any beneficiary certificate issued by or upon which this grand lodge is claimed to be liable shall be commenced or maintained by any person or persons until proofs of death have been furnished and passed upon by the committee on finance or by the board of directors, as hereinbefore provided." On January 1, 1903, the constitution was amended, providing that no action to recover upon any benefit certificate should be commenced or maintained unless commenced within two years from the date of .the death of the member named in the certificate. It will not be necessary to consider the effect of this amendment for the reason that it did not affect the certificate now under consideration.

No cause of action accrues until proofs of death are presented, and the crucial question is: Were the proofs tendered in this case within a reasonable time after Mr. Behlmer's death? We must assume that the finding of the jury is final as to the time of Behlmer's death prior to July 29, 1902. At that time respondent was at liberty to assume that her husband was dead and to stop payments on the certificate for that reason, or she was at liberty to continue the payments until such time as she considered proofs of death were available. So far as we are able to discover from the record, nothing transpired after July 28, 1902, throwing any light upon the question of his death except the presumption which arose to that effect at the expiration of seven years from the time of his disappearance.

The question before the court then turns upon whether respondent was compelled to act upon the evidence of death available at the time she stopped payments, or whether it was permissible for her to avail herself of all the circumstances surrounding the case not only prior to July 29, 1902, but in addition thereto evidence growing out of the presumption arising from seven years' absence of the insured. If she was limited by the terms of the contract to the evidence before her at the time she stopped payments, then, in our opinion, she failed to present the proofs within a reasonable time; but if, under any permissible construction of the contract, she had the privilege of wait-

ing until the presumption of death arose before submitting the proofs of death, then she offered to present proofs, and commenced this action within a reasonable time after such presumption accrued, and the action is not barred.

Much may be said on both sides of the question; but a majority of the court are of opinion that respondent was not restricted to the evidence available to her at the time she stopped making payments on the certificate, July 28, 1902, for the reason that, while such evidence seems to have satisfied her that her husband was dead, yet there was then no known evidence by which his death could have been legally established. An attempted proof of his death before the expiration of the seven years would have been necessarily insufficient, a nullity. A party is not bound to do a useless thing. The certificate did not require the proofs to be filed within any particular time, and hence a reasonable time, in view of all the circumstances of the case, was a compliance with the contract. In an ordinary case of death, where the proofs to establish it are available, there is no reason for the application of the rule of evidence growing out of the presumption of death after seven years' disappearance, and in such case the beneficiary would be bound to furnish the proofs within a reasonable time, which might be a few days, weeks, or months, according to the circumstances; but in a case where there is no positive evidence, and death can only be established with the aid of the presumption after the period of seven years has elapsed, why should the beneficiary be required to make out a case from proofs which are necessarily incomplete?

Appellant insists: That in the absence of any provision in the contract limiting the time within which the proofs must be filed, reasonable time is to be measured by the statute of limitations, viz., six years, which in this case expired July 29, 1908; that in no case has the beneficiary more than six years from the date of death to file the proofs thereof; and that the action must be brought within a reasonable time thereafter. According to this construction, all certificates become void if proofs are not furnished within six years from the date of death. Is that the meaning of this contract? Such associations are organized for the express purpose of providing a beneficiary

fund for those members who contribute for the benefit of the beneficiaries in other certificates, and unless it clearly appears from the language of the contract that.it was intended to cut off, without relief, those cases where evidence of death cannot be secured within six years, such construction should not be adopted. It is manifestly just that beneficiaries who have paid the assessments up to the time of the death of the. insured should receive the reward for carrying the burden. When, from the circumstances, the presumption arising from seven years' absence is necessary to complete sufficient proof of death, reasonable time to present such evidence after it accrues is necessary in order to make the certificate of any value to the beneficiary.

We believe the proper construction of this class of contracts to be that a cause of action does not arise until proofs of death are furnished; that the time for furnishing the same is not limited to six years from the time of death, but shall be made within a reasonable time after death, according to the circumstances of each particular case; and it is our opinion that the fair and reasonable meaning of the contract is that the parties intended that the beneficiary should have the benefit of the evidence of death arising from the disappearance of the insured for the period of seven years, other evidence of death being in itself insufficient; that respondent did not waive this right by assuming that the insured was dead, and in stopping payments; but that she tendered the proofs and commenced the action within a reasonable time after the evidence accrued.

4. Error is assigned to the instruction of the court to the jury in that they were not correctly advised as to the proposition of law governing the case. Although the charge is open to some criticism for indefiniteness, it is evident that the main proposition litigated was clearly set before the jury, viz., that they should determine from the evidence whether the proofs were filed within a reasonable time after the date of the insured's death. What was said with reference to the time the cause of action accrued could not have either misled or. prejudiced the jury.

Affirmed.

O'BRIEN, J. (dissenting).

I am unable to concur. Fred Behlmer, the certificate holder, disappeared July 17, 1901, in the manner described in the opinion of the majority. The plaintiff, his wife, the beneficiary named in the certificate, paid the assessments due upon the certificate until July 28, 1902, at which time she stopped making any payments, and with reference to this testified upon the trial: "I simply stopped paying, that is all. In my mind I knew that he was dead, and there was no use paying on forever, I said."

The jury found that Behlmer died prior to July 29, 1902. We have, then, this case: The certificate holder in fact died prior to July 29, 1902; the beneficiary elected to assume that he had died prior to that date and paid no further assessments. Proof of death was made in August, 1908, and this action commenced October 12, 1908.

The by-laws of the association required proof of death as a prerequisite to the bringing of an action, but fixed no specific time therefor which made it obligatory upon the beneficiary to furnish such proof within a reasonable time after the death of the insured. If proof of death was not furnished within a reasonable time, the beneficiary lost her right of action; if it was so furnished, the cause of action thereupon accrued, and suit might be commenced at any time within six years thereafter.

In my opinion, if this was a case for the jury at all, these two questions should have been segregated and presented to the jury as independent claims for their determination. Instead of doing so, the court instructed the jury: "If you find that a reasonable time for the presentation of proofs of loss extended to a point so late that the six years had not expired when the action was begun, then you will not hold the claim or the suit barred by the statute of limitations." Under this instruction the jury might have found three months after July 29, 1902, a reasonable time to make proof of death, and the action brought October 12, 1908, not barred by the statute, while in fact the proof of death was not made until August, 1908, or more than five years after the reasonable period of three months had expired. This instruction was prejudicial error which at least entitles

the defendant to a new trial; but, in addition, I think the defendant was entitled to a directed verdict in its favor.

Continued and unexplained absence for seven years is sufficient to create the presumption of death, but carries with it no presumption as to the time of death. Davie v. Briggs, 97 U. S. 628, 24 L. Ed. 1086. Death, however, may be proved by circumstantial evidence even where the statutory period creating the presumption has not elapsed. 13 Cyc. 299. The plaintiff deliberately elected in July, 1902, to act upon the assumption that her husband was dead. She might have elected to maintain the certificate in force, until the presumption of death arose under the statute. The defendant had no voice in the matter. Having concluded to act upon the theory of his death, it then became the plaintiff's duty to furnish, within a reasonable time, proof of death. She failed to do so for more than six years, the statutory limitation for an action upon the policy. In my judgment a reasonable time for the performance of this act could be no longer, as a matter of law, than the statutory period for bringing suit after the cause of action had accrued. State v. Probate Court of Ramsey County, 40 Minn. 296, 41 N. W. 1033; O'Mulcahey v. Gragg, 45 Minn. 112, 47 N. W. 543; Davis v. Townsend, 45 Minn. 523, 525, 48 N. W. 405; State v. Norton, 59 Minn. 424, 61 N. W. 458; McDonnell v. Branch Bank, 20 Ala. 313; Codman v. Rogers, 10 Pick. 112, 119; Campbell v. Whoriskey, 170 Mass. 63, 48 N. E. 1070; Williams v. Bergin, 116 Cal. 56, 47 Pac. 877; Spratley v. Mutual, 11 Bush. (Ky.) 443; 25 Cyc. 1207.

BROWN, J.

I concur in the dissent of Mr. Justice O'BRIEN.