MATCHETT, P. J., and McSURELY, J., concur.

---

## Maude M. Ely, Administratrix of the Estate of William R. Ely, Deceased, Appellee, v. Prudential Insurance Company of America, Appellant.

### Gen. No. 7,637.

1. INSURANCE—*necessity of showing waiver of nonpayment of premiums.* In an action on a life insurance policy based on a presumption of the death of the insured after seven years' absence there can be no recovery without proof that there was a valid waiver of nonpayment of premiums becoming due after the insured's disappearance, no premiums having been paid after such disappearance.

2. INSURANCE—*forfeiture for nonpayment of premium.* A forfeiture of a life insurance policy cannot be declared for nonpayment of a premium until the premium is over due.

3. ELECTION AND WAIVER—*necessity that a right exists.* In order for facts to constitute a waiver, it is essential that there be an existing right, benefit or advantage.

4. INSURANCE—*validity of waiver of payment of premium.* An agreement of a life insurance company to waive the payment of premiums becoming due after the insured's disappearance and for a period of seven years is invalid as in violation of Cahill's St. ch. 73, ¶ 353, which forbids discrimination.

5. EVIDENCE—*presumption of continuance of marital relation.* The relation of husband and wife will be presumed to have continued for seven years after his disappearance, in the absence of proof of his death at a particular time.

6. WITNESS—*competency of wife to testify in action on husband's life insurance policy.* In an action on a life insurance policy, based on a presumption of the death of the insured after seven years' absence, the wife of the insured is not competent to testify under Cahill's St. ch. 51, ¶¶ 1 and 5, that an agent of the company told her shortly after his disappearance that she need not pay any more premiums, and that at the end of seven years it would be the duty of the company to produce the insured or to pay the amount of the policy.

Ely v. Prudential Ins. Co. of America, 247 Ill. App. 345.

Appeal by defendant from the Circuit Court of Grundy county; the Hon. EDGAR B. ELDREDGE, Judge, presiding. Heard in this court at the October term, 1927. Reversed and remanded. Opinion filed October 25, 1927. Rehearing denied February 6, 1928.

HOYNE, O'CONNOR & RUBINKAM, H. B. SMITH and O. R. MIDDLETON, for appellant.

EVERETT JENNINGS and JAY STOUGH, for appellee.

MR. JUSTICE JONES delivered the opinion of the court.
This is a suit on a policy of life insurance and the cause was before us on a former occasion when a judgment in favor of appellee was reversed and remanded. (*Ely v. Prudential Ins. Co.*, 238 Ill. App. 638.) Upon a second trial in the circuit court, a jury returned a verdict in favor of appellee for $32,400. From a judgment on the verdict this appeal is prosecuted.

The first count of the declaration avers that the insured died in Chicago, October 29, 1912. The second count avers the disappearance of the insured on that day and other facts necessary to raise a presumption of death within seven years. The pertinent facts appear in our former opinion. We held that there is in plaintiff's evidence but little to raise a suspicion of the insured's death at the time of his disappearance on October 29, 1912, and much to rebut a presumption that he died on that date. Such statement is applicable to the facts in this record. The testimony does not fairly tend to support the averments of the first count of the declaration, therefore the judgment must be tested by the evidence admitted in support of the second count. There can be no recovery under that count, unless the proof establishes that there was a valid waiver of all premiums becoming due after the insured's disappearance. (37 C. J. 484, § 215.) He paid the first year's premium and the policy was delivered to him two days before his disappearance. No premium was thereafter paid. Appellee was his

wife and on the trial was permitted to testify over objections that shortly after his disappearance an agent of the appellant company told her she need not pay any more premiums, and that at the end of seven years it would be up to the company to either produce the insured or pay the amount of the policy. This testimony is relied on as constituting a waiver of payments of premiums to become due in the future. No question of waiver is raised under the first count, and such testimony, if competent, was admissible under the second count only.

At the close of all the evidence, separate motions were made by appellant to exclude all the evidence of appellee on the first count, and to instruct the jury to find for defendant on that count. The same motions were also made as to the second count. Proper instructions were tendered with the motions, but the motions were each denied.

It is the contention of appellee that her testimony is competent and that the proofs are sufficient to establish a presumption of fact that her husband is dead; that he died on the day of his disappearance; that if such presumption obtains, her testimony is competent because it relates to a conversation which took place after her husband's death, and that even if the proof is not sufficient to raise a presumption of death on the particular day mentioned, her testimony is nevertheless competent under sections 1 and 5 of chapter 51, Revised Statutes, Cahill's St. ch. 51, ¶¶ 1 and 5.

Appellee contended on the former appeal, as well as on this one, that while as a general rule there is no presumption that death occurred at the time of disappearance or at any particular time during the seven years, still, there is evidence in the record sufficient to raise a presumption of fact that her husband died on the day of his disappearance. We reviewed the authorities as well as the testimony and decided the

contention adversely to appellee. We concluded that the evidence was wholly insufficient to raise a presumption of fact that death occurred on the day of Dr. Ely's disappearance. There is nothing in the record on this appeal or in the cases cited to cause us to change that ruling.

The only testimony in support of the alleged waiver was that of appellee. She testified that shortly after Dr. Ely's disappearance she wrote to the home office of appellant in reference to the policy here involved, and received a reply acknowledging receipt of her letter, and stating they were sending a representative in regard to the policy; that three or four weeks later a representative of the company called on her and at that time made the statements which are the sole basis of the alleged waiver. She does not claim that there was any subsequent statement or declaration on the part of appellant.

No premium other than the first one having been paid, appellant insists that the policy lapsed according to its terms at the end of the grace period succeeding the due date of the second premium; that there was no waiver or attempted waiver of the payment of future premiums; and that if there had been such an attempt, it was ineffective because of the statute and the public policy of this State.

At the time of the alleged waiver, appellant had no existing right to declare a forfeiture for nonpayment of a premium as no premium was past due. It is well settled that an insurance company is estopped to insist upon a forfeiture of a policy, if the acts of estoppel or waiver take place after the cause of forfeiture arises. (*Bennett v. Union Cent. Life Ins. Co.*, 203 Ill. 439.) No case has been cited which holds that an insurance company can waive a cause of forfeiture before the happening of such cause. To constitute a waiver, it is essential that there be an existing right, benefit or advantage. (27 R. C. L. 908, Waiver, § 5.)

For an acceptance of rent to constitute a waiver, it is necessary that at the time of such acceptance there shall have been such a breach of the covenant or condition as will give the lessor a present right to enforce the forfeiture. The receipt of rent will not operate as a waiver of a cause of forfeiture thereafter arising. (16 R. C. L. 1133, Landlord and Tenant, § 654.) The general rule seems to be that attempted waivers of future causes of forfeiture are invalid. No reason is apparent why the doctrine should not be applied to life insurance contracts.

The substance of appellee's version of the alleged waiver is that the company agreed to waive the payment of all future premiums, even though Dr. Ely were not dead. To sustain the contention of appellee would be to ignore paragraph 353, chapter 73, Revised Statutes, Cahill's St. ch. 73, ¶ 353, which provides that no life insurance company shall make or permit any distinction or discrimination between insurants of the same class and equal expectation of life; nor in charging, collecting, demanding or receiving of the amount of premiums; nor in the terms and conditions of the contract between the company and the insurants. To permit an insurance company to waive the payment of premiums as they become due in the future, would open the door to favoritism and discrimination, and its application without limitation would tend to destroy the uniformity established by the statute. Our insurance statutes declare a principle of public policy regulating all life insurance and endeavoring to put that business on a sound financial basis. (*Keller v. North American Life Ins. Co.,* 301 Ill. 198.) It is undeniable that a party may waive the advantage of a statute intended for his sole benefit, but there are grave reasons why a law enacted from public considerations should not be abrogated by mere private agreement. (*Phelps v. Phelps,* 72 Ill. 545.) It is said in *Thompson v. Knickerbocker Life Ins. Co.,* 104 U,

S. 252, "A valid excuse for not paying promptly on the particular day, is a different thing from an excuse for not paying at all." For these reasons we think the alleged agreement was not sufficient to constitute a valid waiver.

But even if it is not against public policy and the declared law of this State, and even if it is not insufficient to constitute a waiver because it relates to a nonexisting right, still, we come squarely up to the question as to whether the agreement has been shown by any competent proof. No attempt was made to establish it except by the testimony of appellee. She was the wife of the insured and that relation, in the absence of proof of his death at a particular time, is presumed to have existed for a full period of seven years after the time of his disappearance. It therefore existed at the time of the alleged waiver and the competency of appellee as a witness must be tested by the rules of evidence as applied to husband and wife. At common law the rule was that a husband and wife could not testify for or against each other in any legal proceeding in which the other was a party, or which involved the other's pecuniary interest. This was because husband and wife were one, and as no one could testify for or against himself, neither the husband nor wife could testify for or against the other, and as a matter of public policy, it was considered that it would endanger the harmony and confidence of the marriage relation to permit one to testify against the other. This rule was subject only to certain exceptions. They could testify against each other in a prosecution of one for a criminal injury to the other. Dying declarations of one, who has been wounded by the other, were admissible. Declarations of one, while acting as the agent of the other, were also admissible and in trials for treason, one was compelled to testify against the other. (Am. & Eng. Ency. of Law, vol. 9, p. 806.)

The common-law rule has been modified in some particulars by statutes. In Illinois the chief modification is found in section 5 of the act on Evidence and Depositions, Cahill's St. ch. 51, ¶ 5. It is there provided that no husband or wife shall be competent to testify for or against each other as to any transaction or conversation occurring during the marriage. In the instant case the testimony of appellee related to a conversation between her and a third party concerning the pecuniary interests of her husband. The conversation was had while her husband was presumed to be alive. Said section 5 contains certain exceptions, but none of them are broad enough to include such a conversation as the one now involved. Under one of the exceptions it seems that a husband and wife are competent to give testimony where the other is a party in actions upon policies of insurance of property. It will be seen that this exception is expressly limited to suits involving property insurance and does not extend to those involving life insurance. It will also be observed that even in cases of property insurance the husband and wife can give testimony only regarding the value of the property injured or destroyed.

It was held in *Schreffler v. Chase,* 245 Ill. 395, that the provisions of sections 1 and 5 of the Evidence Act, Cahill's St. ch. 51, ¶¶ 1 and 5, do not render the husband and wife competent witnesses, except in the cases enumerated in the exceptions found in section 5, and that the inhibition against their testimony extends to conversations not only between the husband and wife, but between either of them and a third person. Under the rule so announced, the appellee was not a competent witness to prove the alleged waiver; and with her evidence excluded, there is a complete absence of testimony tending to show that the defendant company waived the payments of premiums which became due and payable under the policy during the seven years immediately following the disappearance of Dr. Ely.

We are therefore of the opinion that there is no competent proof in the record tending to establish a waiver of such payments.

In view of the position we have taken with respect to the insufficiency of proofs in this case, it is unnecessary for us to comment upon the instructions complained of by appellant. It is enough to say that we find no serious error in them.

The judgment of the circuit court is reversed and remanded.

*Reversed and remanded.*