## GRIFFIN v. NORTHWESTERN MUTUAL LIFE INSURANCE CO.

1. INSURANCE—PURPOSE OF PROOF OF DEATH.
   The purpose of proof of death is to enable the insurer to form an intelligent estimate of its rights and liabilities under the contract.

2. SAME—PRESUMPTION OF DEATH—SUFFICIENCY OF PROOFS OF DEATH.
   Where beneficiary, relying on presumption of death of insured who had disappeared more than seven years before (1 Comp. Laws 1915, § 329) after engaging passage on steamer and placing his baggage in stateroom, furnished proof giving as date of death, "Disappeared December 30, 1915," and cause of death, "Disappeared December 30, 1915, enroute from N. Y. to Boston, New England Steamship Co., Steamer Providence," the proofs of death were sufficient.

3. SAME—DEATH—TIME OF DEATH MUST BE FIXED.
   In action on life insurance policy, where insured had disappeared more than seven years before, beneficiary, who is relying on presumption of death under the statute (1 Comp. Laws 1915, § 329), must fix time of insured's death within life of policy, or she may not recover.

4. LIMITATION OF ACTIONS—INSURANCE—PRESUMPTION OF DEATH.
   Beneficiary, under policy of insured who had disappeared, was within her rights in awaiting coming of presumption of insured's death under the statute (1 Comp. Laws 1915, § 329), and, her cause of action accruing on expiration of seven-year period following disappearance of insured, she might bring action on the policy at any time within the statutory period of six years thereafter.

5. DEATH—PRESUMPTION OF DEATH—NO PRESUMPTION OF TIME OF DEATH.
   The law makes no presumption of the time of death of one presumed dead under the statute (1 Comp. Laws 1915, § 329)

Presumption as to time of death of one presumed to be dead after 7 years absence, see annotation in 26 L. R. A. (N. S.) 294; L. R. A. 1915B, 756.

As to effect of statutory or contractual limitation where presumption of death of the insured from seven years absence, see annotation in 34 A. L. R. 91; 61 A. L. R. 686.

after absence of seven years, and presumption of death does not relate back to date of disappearance, but date of death must be proved.

6. INSURANCE—PRESUMPTION OF DEATH—TIME OF DEATH QUESTION FOR JURY.

.In action on life insurance policy, where beneficiary was relying on presumption of insured's death under 1 Comp. Laws 1915, § 329, from his unexplained absence for more than seven years, under evidence showing that insured engaged passage on steamer, and, after placing his baggage in stateroom, was never seen or heard of again, it was for the jury to say whether his death occurred on or about the date of his disappearance and within the life of the policy, which was in force for nearly a year after his disappearance.

Error to Wayne; Carr (Leland W.), J., presiding. Submitted January 7, 1930. (Docket No. 19, Calendar No. 34,417.) Decided March 7, 1930.

Assumpsit by Ida Griffin against Northwestern Mutual Life Insurance Company, a foreign corporation, on a life insurance policy covering the life of William R. W. Griffin. From a directed verdict and judgment for defendant, plaintiff brings error. Reversed, and new trial granted.

*David I. Hubar* (*Milton M. Maddin*, of counsel), for plaintiff.

*Joslyn, Joslyn & Joslyn*, for defendant.

CLARK, J. Plaintiff is beneficiary in a policy of life insurance for $10,000 between her husband, the insured, and defendant insurer.

On December 30, 1915, insured in New York wrote to plaintiff at their home in East Liverpool, Ohio, that, to seek employment, he was leaving that evening for Boston by boat. The record warrants the inference he engaged passage on the steamer Providence, Fall River Line, leaving for Boston at 5 p. m., and was assigned a stateroom. The key of the state-

room door was issued. His baggage was placed in the room. It does not appear he was known or recognized by anyone on the boat. He was never seen or heard from thereafter. Later, on search of the boat, the key was found inside the stateroom door, the door was unlocked and his baggage in the room. Extensive search or inquiry was instituted and made by plaintiff, by his relatives and friends, by fraternal societies, by defendant, and others and nothing was learned of what had befallen him.

He was an electrical engineer, had been manager of a traction company in Ohio, and later receiver for it. His relations with plaintiff seem to have been happy. They had lived rather extravagantly. At the time of his disappearance his finances were at low ebb, even to the extent he had perhaps misused a portion of a trust fund in his hands. His last letter to plaintiff, however, indicates hope of his securing needed employment in Boston. He was a young man in good health, except in his last letter he spoke of having been "troubled with my head quite a considerable lately. It is hurting me at present, but believe it will wear off by night."

The policy lapsed in November, 1916, as plaintiff could not and did not pay further premiums. The policy is that defendant is to pay upon receipt of due proof of death of the insured. The plaintiff waited seven years, until she could have benefit of the statutory presumption of death, 1 Comp. Laws 1915, § 329, and furnished to defendant proofs of death on or about February 23, 1923, and again on November 22, 1923.

Defendant took the position, quoting from its letter to plaintiff's counsel:

"As stated in our former letter the extended insurance under this policy expired on November 8,

1916. It will consequently be necessary to furnish us with definite proof of the death of Mr. William R. W. Griffin before that date to establish our liability under the policy."

Having the opinion that plaintiff could not fix the time of death as being within the life of the policy, defendant declined to pay. This suit on the policy followed. Verdict was directed for defendant. Plaintiff brings error.

The purpose of proof of death is to enable the insurer to form an intelligent estimate of its rights and liabilities under the contract. 5 Joyce on Insurance (2d. Ed.), § 3277. The proofs here furnished to defendant gave as the date of death "Disappeared Dec. 30, 1915," and a cause of death "Disappeared December 30, 1915, enroute from N. Y. to Boston, New England Steamship Co. Steamer Providence." Proofs were furnished a little over seven years after the disappearance. Plaintiff made such proof as she could. Following this, defendant wrote a letter to plaintiff's counsel. The letter shows defendant had full appreciation of plaintiff's difficulties and full understanding of the matter in issue. It made no claim plaintiff had not furnished such proof as she could. The proofs of death were here sufficient.

Plaintiff must fix the time of her husband's death within the life of the policy or she cannot recover. Note L. R. A. 1918B, p. 93. Her position in pleading and proof is that he died on or about December 30, 1915, to which the defense of the statute of limitations is asserted (3 Comp. Laws 1915, § 12323), that the suit had not been commenced within six years. If plaintiff had been able to establish both the fact and the time of death without the aid of statutory presumption of death from absence of seven years

she ought not to have awaited the accrual of the presumption but should have proceeded to collect. *John Hancock Mutual Life Ins. Co.* v. *Moore,* 34 Mich. 41. At the trial, defendant requested directed verdict and got it on the ground that plaintiff had no evidence of death or of the time thereof, except the presumption, and that she had no evidence of death within the life of the policy. Defendant's position in this regard has been consistent throughout. It is clear, therefore, that plaintiff was within her rights in awaiting the coming of the presumption of death before attempting proofs of death. Her cause of action accrued after the expiration of the seven-year period following the disappearance of the insured. She might bring her action at any time within the statutory period of six years thereafter. *McLaughlin* v. *Ætna Life Ins. Co.,* 221 Mich. 479.

In *Sovereign Camp, W. O. W.* v. *Boden,* 117 Tex. 229 (1 S. W. [2d] 256), reported in 61 A. L. R. 682, Boden disappeared on June 24, 1915. Assessments on an insurance certificate in favor of his wife were paid to keep it alive to September 1, 1915, at which time it lapsed. Mrs. Boden awaited the ripening of the presumption from seven years' absence, and treated the cause of action as then accruing, and brought suit on the certificate on June 4, 1924, within the period fixed by the statute of limitations of Texas, four years. In the trial she submitted her evidence respecting time of death to the jury, and it was found that her husband had died before September 1, 1915, and within the life of the certificate. In affirming the judgment in her favor, the court said:

"The fact of death, after an absence of seven years, is fixed by statute; but the time of death

must be determined by the jury. In this case, the jury determined that Boden died prior to September 1, 1915, to which date his insurance was in full force and effect. Limitation would not have begun to run upon this cause of action until seven years after Boden's disappearance, unless plaintiff had chosen to furnish prior to that time whatever proof she had and to demand payment of the policy, and thus voluntarily to assume the risk involved in attempting to establish by presumptions independent of the statute that Boden was then dead. Until such proof was made and delivered to the society, her cause of action did not accrue under the policy. The terms of the policy did not fix any period of time within which she must have presented such proof of Boden's death as was available. Until she did prepare and present such proof, she could not have maintained a suit, and hence limitation did not begin to run until she did present such proof, unless she had delayed presenting same the full seven years. As she did not prepare and present such proof until after the expiration of seven years from the time of Boden's disappearance, limitation did not begin to run on her cause of action until the end of that seven-year period. The plaintiff below was not legally required to present her proof of her husband's disappearance and death until the expiration of such period of seven years. She had a perfect legal right to follow the natural impulse of the human heart to hope that her husband would return during all those seven years. But the law places a limit at that period. Then she must have acted or lost her legal rights by limitation four years later. She has acted within the required time, by presenting proof of Boden's death, and, when refused payment of the policy, has filed this suit within the limitation period after her cause of action accrued. Thus she has lost none of her legal rights, for, as stated, limitation began to run against her cause of action seven years after Boden's disap-

pearance, and not at the date of Boden's death as determined by the jury."

See notes: 61 A. L. R. 686; 34 A. L. R. 91; 16 A. L. R. 609; L. R. A. 1915B, 729; 26 L. R. A. (N. S.) 294.

In *Behlmer* v. *Grand Lodge, A. O. U. W.*, 109 Minn. 305 (123 N. W. 1071, 26 L. R. A. [N. S.] 305), the insured husband disappeared on July 17, 1901. The insurance lapsed July 28, 1902. The widow, beneficiary, awaited the accrual of the statutory presumption of death and made proofs of death in August, 1908, and commenced suit in October, 1908. Whether insured in fact died before the insurance lapsed was submitted to the jury who found that death had occurred during the life of the certificate. In affirming judgment for plaintiff, the court said:

"The question before the court then turns upon whether respondent was compelled to act upon the evidence of death available at the time she stopped payments, or whether it was permissible for her to avail herself of all the circumstances surrounding the case not only prior to July 29, 1902, but in addition thereto evidence growing out of the presumption arising from seven years' absence of the insured. If she was limited by the terms of the contract to the evidence before her at the time she stopped payments, then, in our opinion, she failed to present the proofs within a reasonable time; but if, under any permissible construction of the' contract, she had the privilege of waiting until the presumption of death arose before submitting the proofs of death, then she offered to present proofs, and commenced this action, within a reasonable time after such presumption accrued, and the action is not barred.

"Much may be said on both sides of the question; but a majority of the court are of opinion that re-

spondent was not restricted to the evidence available to her at the time she stopped making payments on the certificate, July 28, 1902, for the reason that, while such evidence seems to have satisfied her that her husband was dead, yet there was then no known evidence by which his death could have been legally established. An attempted proof of his death before the expiration of the seven years would have been necessarily insufficient, a nullity. A party is not bound to do a useless thing. The certificate did not require the proofs to be filed within any particular time, and hence a reasonable time, in view of all the circumstances of the case, was a compliance with the contract. In an ordinary case of death, where the proofs to establish it are available, there is no reason for the application of the rule of evidence growing out of the presumption of death after seven years' disappearance, and in such case the beneficiary would be bound to furnish the proofs within a reasonable time, which might be a few days, weeks, or months, according to the circumstances; but in a case where there is no positive evidence, and death can only be established with the aid of the presumption after the period of seven years has elapsed, why should the beneficiary be required to make out a case from proofs which are necessarily incomplete? Appellant insists: That, in the absence of any provision in the contract limiting the time within which the proofs must be filed, reasonable time is to be measured by the statute of limitations, *viz.*, six years, which in this case expired July 29, 1908; that in no case has the beneficiary more than six years from the date of death to file the proofs thereof; and that the action must be brought within a reasonable time thereafter. According to this construction, all certificates become void if proofs are not furnished within six years from the date of death. Is that the meaning of this contract? Such associations are organized for the express purpose of providing a beneficiary fund for those members who

contribute for the benefit of the beneficiaries in other certificates, and unless it clearly appears from the language of the contract that it was intended to cut off, without relief, those cases where evidence of death cannot be secured within six years, such construction should not be adopted. It is manifestly just that beneficiaries who have paid the assessments up to the time of the death of the insured should receive the reward for carrying the burden. When, from the circumstances, the presumption arising from seven years' absence is necessary to complete sufficient proof of death, reasonable time to present such evidence after it accrues is necessary, in order to make the certificate of any value to the beneficiary.

"We believe the proper construction of this class of contracts to be that a cause of action does not arise until proofs of death are furnished; that the time for furnishing the same is not limited to six years from the time of death, but shall be made within a reasonable time after death, according to the circumstances of each particular case; and it is our opinion that the fair and reasonable meaning of the contract is that the parties intended that the beneficiary should have the benefit of the evidence of death arising from the disappearance of the insured for the period of seven years, other evidence of death being in itself insufficient; that respondent did not waive this right by assuming that the insured was dead, and in stopping payments; but that she tendered the proofs and commenced the action within a reasonable time after the evidence accrued."

The law makes no presumption of the time of death of one presumed dead after absence of seven years. *McLaughlin* v. *Sovereign Camp, W. O. W.,* 97 Neb. 71 (149 N. W. 112, L. R. A. 1915B, 756, and note, Ann. Cas. 1917A, 79). The presumption of

death does not relate back to the date of disappearance.

It was held in *Ferris* v. *American Ins. Union,* 245 Mich. 548, that "we are committed to the doctrine that until the presumption of death obtains the assumption of life remains." If the time of death is to be fixed within the period of seven years, it must be proved. We quote from note in L. R. A. 1915B, 757, citing *Metropolitan Life Ins. Co.* v. *Lyons,* 50 Ind. App. 534 (98 N. E. 824):

"In some cases it becomes material to prove the death of such an absentee at some particular time within the seven years, or to prove the fact that he died before the presumption would arise from absence. In such cases it is necessary to prove his death as a fact, and when this cannot be done by direct evidence it may be shown by proof of circumstances from which such death may be rightly and reasonably inferred."

In the case at bar, plaintiff, to recover, must fix the time of death within the seven-year period, and within the life of the policy, and she attempted to do it as on or about December 30, 1915. We think the evidence presented in this regard a question for the jury, and the court was in error in not submitting it to them.

On this record the insured is dead. *New York Life Ins. Co.* v. *Brame,* 112 Miss. 828 (73 South. 806, L. R. A. 1918B, 86). He was living on December 30, 1915, and seven years later was dead. Plaintiff, in her effort to fix, within that period, a time of death, has the benefit, given by the law, of the presumption of death, and on this record the established fact of death. If she were called upon to prove unaided by the presumption both the fact and the time of death her task would be difficult indeed. But given

the fact of death, and that it occurred within a certain period of time, she has the comparatively lighter task of fixing merely the time of death.

The evidence warrants the inference that insured engaged passage and embarked on the boat. He was never seen or heard of thereafter. With all other facts of the case, including the circumstances of his home life, his business, his health, and his disappearance, his going upon the boat and the dangers incident thereto must be considered. See notes 34 A. L. R. 1397; L. R. A. 1915B, 744; *Behlmer* v. *Grand Lodge, A. O. U. W., supra; Sovereign Camp, W. O. W.* v. *Boden, supra.*

Under the authorities, it was for the jury to say, under all the evidence, whether the death occurred within the life of the policy and on or about December 30, 1915, as contended by plaintiff.

A question is raised on the pleadings, but it calls for no discussion. See *New York Life Ins. Co.* v. *Brame, supra.* Other questions not difficult and now fully briefed are not likely to arise again, and are passed.

Reversed. Costs to plaintiff. New trial granted.

WIEST, C. J., and BUTZEL, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred. McDONALD, J., did not sit.