## GAYLOR v. ATLAS LIFE INS. CO.

No. 28483.   April 11, 1939.

Rehearing Denied May 23, 1939.

Samuel A. Boorstin and Samuel H. Minsky, for plaintiff in error.

Rogers, Stephenson & Dickason and Rosenstein & Rinehart, for defendant in error.

RILEY, J.   This appeal presents (1) the question whether proof of domestic tranquility, love of and devotion to wife and child, success in the pursuits of life, contentment and happiness in associations and possessions, and the absence of those motives which usually impel a man to voluntarily leave his home, family, business, and associates, is sufficient to present the question to a jury whether the person disappearing under such circumstances and remaining unheard of for seven years died at the time of such disappearance, or within a few months thereafter; (2) whether an action on an insurance policy commenced more than five years after the expiration of the period for which premiums have been paid is barred by the statute of limitations where plaintiff relies on disappearance and unexplained absence for more than seven years to establish the death of insured.

Insured disappeared on May 7, 1929, and was never heard of thereafter.   Plaintiff was the beneficiary in three insurance policies, one paid up to and including July, 1929, one paid up to and including August, 1929, and the other paid up to and including September, 1929, and this action was commenced on said policies March 2, 1937.

The pleadings and evidence are such as to present the above questions.

The trial court sustained a demurrer to plaintiff's evidence, apparently upon the sole ground that there was no evidence reasonably tending to prove the death of insured while either of the policies was in force and effect.

We deem it unnecessary to review the evidence in detail.   It is sufficient to say that there is abundant evidence in the record to bring the case within the rule announced in Tisdale v. Conn. Mut. Life Ins. Co., 26 Iowa, 170.

Defendant concedes in its brief that "proof of death at some particular period within the seven years may be made by proof circumstantial in character".

It contends, however, in support of the ruling of the trial court, that evidence of domestic tranquillity, unusual devotion to wife and family, success in the pursuits of life, contentment and happiness in associations and possessions and lack of motive impelling voluntary abandonment and disappearance is not sufficient to justify a finding of death at a particular time.

Defendant contends that in order to present the question of death at or before a given time within the seven-year period there must be evidence tending to show that the missing person was subjected to some specific danger, or peril, or was afflicted with some disease likely to cause death.

On the question of what constitutes sufficient evidence of death prior to the expira-

tion of the seven-year period, or of death at or prior to a certain date within such period, the authorities are not in entire harmony.

It may be stated, however, that evidence of exposure to a specific peril is almost uniformly held sufficient to give rise to the presumption of death at or about the time of disappearance.

It is now well recognized, though perhaps not generally, that the death of an absent person before the expiration of seven years may be presumed or inferred from circumstances other than exposure to a probably fatal danger where the circumstances show an improbability of or lack of motive for a mere abandonment of home. 16 Amer. Jur. 36.

. The cases in which the evidence has been held to be sufficient to raise the presumption or warrant the finding of death during the seven-year period and cases where the evidence has been held insufficient are collected in the annotations in the case of American Natl. Ins. Co. v. Hicks (Tex. Com. App.) 35 S. W.2d 128, 75 A. L. R. 623, beginning at page 637.

In most of the cases in which evidence has been held insufficient where there was evidence of favorable circumstances with reference to character, habits, conditions, affection, attachments, prosperity, and objects of life of the absentee, also included evidence of strong motives for abandonment or evidence of exposure to peril, etc., so as to leave the question of the cause of the continued absence open to speculation or conjecture.

Pennsylvania and possibly Illinois apparently hold to the rule that domestic tranquillity, etc., is not sufficient, and that there must be evidence of exposure to peril, etc.

Many of the cases where the evidence is held sufficient include both classes.

When the evidence is such as to make it no more probable that death was the cause of the disappearance and continued absence than that the disappearance was because of the existence of some condition giving rise to desire or excuse for abandonment of home, friends, etc., the courts generally hold that a finding of death at or near the time of disappearance is necessarily founded on speculation, a surmise or conjecture, and will not be sustained.

On the other hand, there are many cases holding evidence of domestic tranquillity, devotion to wife and children, success in business, etc., and absence of motive for abandonment of home, family, etc., is sufficient of itself upon which to base a finding of death at or near the time of disappearance.

Tisdale v. Conn. Mut. Life Ins. Co., 26 Iowa, 170, decided in 1868, is said to be a leading case laying down this rule. It is therein stated:

"Any facts or circumstances relating to the character, habits, condition, affections, attachments, prosperity and objects in life, which usually control the conduct of men, and are the motives of their actions, are competent evidence from which may be inferred the death of one absent and unheard from, whatever has been the duration of such absence. A rule excluding such evidence would ignore the motives which prompt human actions, and forbid inquiry into them in order to explain the conduct of men."

The rule there announced has been cited, approved, and followed in a number of cases. No case has been cited, and we have found none, where the rule is criticized, and no case where a court of last resort has declined to follow this rule, with the exception of In re Mutual Benefit Co. (Pa.) 34 Atl. 283, and possibly Ely v. Prudential Ins. Co., 247 Ill. App. 345.

The rule has been followed or approved in Colorado, K. C. Life Ins. Co. v. Marshall, 84 Colo. 71, 61 A. L. R. 1321; Idaho, Gaffney v. Royal Neighbors, 31 Idaho, 549, 174 P. 1014; Michigan, Griffin v. N. W. Mut. Life Ins. Co., 250 Mich. 185; Minnesota, Behlner v. Grand Lodge A. O. U. W., 109 Minn. 305, 123 N. W. 1071; Missouri, in a number of cases, and particularly, Schell v. Met. Life Ins. Co. (Mo. App.) 3 S. W.2d 269; Texas, in a number of cases, including Sovereign Camp W. O. W. v. Davis (Tex. Civ. App.) 268 S. W. 523; American Natl. Ins. Co. v. Hicks (Tex. Com. App.) 35 S. W.2d 128, 75 A. L. R. 623; Washington, Butler v. Supreme Ct. I. O. F., 53 Wash. 118, 36 L. R. A. (N. S.) 293, 101 P. 481, and other cases; Tennessee, Ballinger v. Conn. Mut. Life Ins. Co., 69 S. W.2d 1090.

In a late case, decided October 15, 1938, McLaughlin v. N. W. Life Ins. Co. (Cal. App. 2d) 82 P.2d 725, the rule is that:

"The time of death can be found to be the date of the disappearance or any time short of the seven-year period, and to justify such a finding it is not necessary to produce an eyewitness, or otherwise to show that the absent one encountered within the period some specific peril likely to produce death."

The rule is stated in 8 R. C. L. 713, 17 C. J. 1169. In 16 Am. Juris. 31, published as late as 1938, the rule is stated as follows:

"The death of an absent person before the expiration of seven years may be presumed or inferred from circumstances other than exposure to a probable fatal danger, where such circumstances show an improbability of, or lack of motive for, a mere abandonment of his home. Such circumstances include the character, habits, conditions, affections, attachments, prosperity, and objects in life of

the absentee, which usually control the conduct of men, and in view of which no reasonable explanation can be given for his absence."

For a time after Davie et al. v. Briggs et al., 97 U. S. 628, 24 L. Ed. 1086, wherein it was held that the death of one absent for more than seven years could be, and was there held to have been, presumed to have occurred at or about the time he was last heard of where it was shown that at that time he was exposed to peril likely to result in death, some courts took the view that it was there ruled that in order to raise the presumption of death short of the seven-year period it was necessary to prove exposure to peril, likely to produce death. But in Fidelity Mut. Life Ass'n v. Mettler, 185 U. S. 308, 22 S. Ct. 662, 46 L. Ed. 922, after referring to and quoting from Davie v. Briggs, supra, the court said:

"But it was not thereby ruled that the inference of death might not arise from disappearance under circumstances inconsistent with a continuation of life, even though exposure to some particular peril was not shown. * * *"

But the evidence, in that case, circumstantial in character, indicated that the missing person had come within the range of immediate danger.

In Fanning v. Equitable Life Assur. Soc., 264 Pa. 333, 107 Atl. 715, a finding of death within the seven-year period was upheld where there was circumstantial evidence tending to show probable exposure to danger.

The rule announced in Tisdale v. Conn. Mut. Life Ins. Co., supra, seems to be generally recognized as settled law, and under that rule the trial court erred in sustaining the demurrer to plaintiff's evidence.

On the question of limitation, the general rule appears to be that the statute of limitations does not begin to run against the cause of action of a beneficiary of an insurance policy of one whose death cannot be established save by the presumption arising from seven years' unexplained absence, until the expiration of the seven years. American Natl. Ins. Co. v. Hicks (Tex. Com. App.) 35 S. W.2d 128, 75 A. L. R. 623; Griffin v. N. W. Mut. Life Ins. Co., 250 Mich. 185, 229 N. W. 509; Warner v. M. W. A. (Wash.) 214 P. 161; Gaffney v. Royal Neighbors (Idaho) 174 P. 1014.

The ruling of the trial court sustaining the demurrer is not supported under the claim of the statute of limitations.

The order and judgment of the trial court is reversed and the cause is remanded for a new trial.

BAYLESS, C. J., WELCH, V. C. J., and GIBSON, HURST, DAVISON, and DANNER, JJ., concur. CORN, J., dissents. OSBORN, J., absent.